UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | **Chapter 13** |
| | ) | |
| WILLIAM PATRICK PORTER | ) | CASE NO. 13-20527 |
| | ) | |
| Debtor | ) | HON. JUDGE TRACEY WISE |

| | | |
|---|---|---|
| INVESTORS MANAGEMENT GROUP, INC. NATIONAL MULTIFAMILY INVESTORS LLC | ) ) ) ) ) | |
| Plaintiff, | ) ) | ADVERSARY CASE NO. _____ |
| v. | ) ) ) | |
| WILLIAM PATRICK PORTER, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Plaintiffs Investors Management Group, Inc. ("IMG") and National Multifamily Investors LLC ("NMI" and together with IMG, the "Plaintiffs"), by counsel and pursuant to 11 U.S.C. § 523, hereby file this complaint (the "Complaint") objecting to the dischargeability of the debt owed by William Patrick Porter (the "Debtor") to Plaintiffs.

**PARTIES**

1. Plaintiff Investors Management Group, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

2. Plaintiff National Multifamily Investors LLC is a limited liability corporation organized and existing under the laws of Delaware with its principal place of business in Los Angeles, California. NMI is the agent and marketing arm of IMG.

3. Upon information and belief, Defendant William Patrick Porter, an individual who may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule 7004 of the Federal Rules of Bankruptcy Procedure, is a citizen of the Commonwealth of Kentucky and maintains his residence at 4013 Beaumont Drive, Dover, Kentucky 41034.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 523.

5. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1334(b) and 1409.

## BACKGROUND

### The Bankruptcy Case Procedural Background

1. On March 22, 2013, the Debtor filed a pro se Chapter 13 petition (the "Petition") with the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Case"). The Petition was filed at the eleventh hour on the Friday evening that preceded the seven to ten day jury trial that was to begin the following Monday morning in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"), styled *Investors Management Group, Inc. and National Multifamily Investors, LLC v. William Porter, Gregory Freeman and Acquire International Realty LLC*, Case No. 11-01729 (the "Fraud Suit").

2. On April 7, 2013, the Debtor filed his Chapter 13 Plan, as amended [Doc. No. 22]

2

(the "Plan").

3.   On April 30, 2013, the Plaintiffs filed a motion for relief from the automatic stay (the "Stay Motion") [Doc. No. 31] in order to continue litigating the Fraud Suit because litigation had already been delayed numerous times by the Debtor.

4.   On June 27, 2013, the meeting of the Plaintiffs under 11 U.S.C. § 341 was held.

5.   On July 2, 2013, the Chapter 13 Trustee filed Trustee's Report and Recommendation as to Confirmation, recommending that the Plan not be confirmed. *See* Doc. No. 47.

6.   On July 5, 2013, the Plaintiffs filed an objection to confirmation of the Plan [Doc. No. 49].

7.   On July 8, 2013, the Plaintiffs filed a motion to dismiss the Bankruptcy Case [Doc. No. 51] and the Chapter 13 Trustee filed an Objection to Debtor's Claim of Exemptions [Doc. No. 52].

**Debtor's Business Relationship With the Plaintiffs**

8.   In early 2010, the Debtor approached IMG about obtaining employment as a real estate consultant. In February of 2010, the Plaintiffs entered into a consulting agreement (the "Consulting Agreement") with the Debtor. A copy of the Consulting Agreement is attached as part of Exhibit A of the Stay Motion.

9.   Under the terms of the Consulting Agreement, the Debtor agreed to maintain strict confidentiality of all confidential or proprietary information of the Plaintiffs and not to share such information with other parties, including, but not limited to, the Plaintiffs' competitors or potential competitors.

10. During 2010, the Plaintiffs also retained Gregory Freeman ("Freeman") and Acquire International Realty LLC ("Acquire") to work as the Plaintiffs' single agent real estate brokers on several real estate transactions in Florida.

11. During 2010, the Debtor, Freeman and Acquire (collectively, the "Fraud Suit Defendants") breached their fiduciary duties to and defrauded the Plaintiffs when the Debtor; (a) disclosed confidential business information to Freeman and Acquire to allow them to compete against the Plaintiffs in violation of their own agreements with the Plaintiffs on several projects; and (b) withheld business opportunities from the Plaintiffs. *See* Exhibit A of the Stay Motion.

**The Fraud Suit**

12. In October of 2010, the Debtor terminated his Consulting Agreement with the Plaintiffs, effective November 12, 2010.

13. After the Debtor stopped consulting for the Plaintiffs, the Plaintiffs discovered the Fraud Suit Defendants' fraudulent conduct and filed the Fraud Suit in the State Court. The amended complaint was attached as Exhibit A to the Stay Motion.

14. IMG asserted the following causes of action against the Debtor in the Fraud Suit: Breach of Contract (Count II), Breach of Oral Contract (Count III), Breach of Fiduciary Duty (Count V), Intentional Interference (Count VII), Conversion (Count VIII), Fraudulent Inducement (Count X), Aiding and Abetting Broker Defendants' Breaches of Fiduciary Duty (Count XII), Violation of Florida's Deceptive & Unfair Trade Practices Act (Count XIII), and Unjust Enrichment (Count XIV).

15. NMI asserted the following causes of action against the Debtor in the Fraud Suit: Breach of Contract (Count I), Breach of Fiduciary Duty (Count IV), Conversion (Count VIII), Fraudulent Inducement (Count IX), and Violation of Florida's Deceptive & Unfair Trade

Practices Act (Count XIII).

16. As a result of the Debtor's actions and inactions, Plaintiffs suffered approximately $10,000,000 in damages.

**Brief Procedural History of the Fraud Suit**

17. Pursuant to the State Court's Amended Case Management Order dated April 6, 2011, a jury trial in the State Court case was originally set to occur during the three (3) week trial period beginning September 10, 2012.

18. On August 17, 2012, the Fraud Suit Defendants sought a continuance of trial and requested the discovery cut-off date be extended. The State Court denied extension of the discovery cut-off date, but continued the trial to January 2013.

19. Although the trial had been continued, the Fraud Suit Defendants also sought a stay of the entire Fraud Suit, pending the outcome of an improperly filed notice of appeal of an Order striking Freeman's Counterclaim.[1] The Fraud Suit Defendants again attempted to have the matter stayed by filing a second frivolous notice of appeal on a non-dispositive order denying the Fraud Suit Defendants' Motion for Summary Judgment. This request was denied by an Order of the State Court dated November 26, 2012.

20. On December 1, 2012, the State Court, on its own initiative, rescheduled the trial to the three-week period beginning March 25, 2013.

21. With the trial date quickly approaching, on February 21, 2013, the Fraud Suit Defendants filed their motion for a third continuance of the trial, which Plaintiffs vehemently opposed.

---

[1] The Fraud Suit Defendants have since then abandoned this appeal and, therefore, the motion is moot.

22. At the pretrial conference on March 7, 2013, the State Court denied the Fraud Suit Defendants' motion for continuance and instructed the parties that the trial of the Fraud Suit would move forward at 9:30 a.m. on Monday, March 25, 2013.

23. In a further attempt to continue the trial, on March 8, 2013, the Fraud Suit Defendants' Counsel, Eddie Dieppa, Esq., filed a motion to withdraw as counsel for Freeman and Acquire and did not provide alternative counsel.[2] In Florida, corporate parties are required to be represented by counsel and, therefore, the State Court denied Dieppa's motion to withdraw.

24. The same day after Mr. Dieppa's motion to withdraw was denied, co-counsel Stephen Cameron, Esq. filed another motion to withdraw as counsel for Freeman and Acquire, but this time included substitution of counsel on behalf of said defendants. Also that day, the proposed alternative counsel filed a notice of unavailability for ten (10) days, beginning the first day of trial.

25. Having not received an order from the State Court on Fraud Suit Defendants' proposed substitution, on March 21, 2013, the day before the calendar call of the Fraud Suit and near the close of business, Mr. Dieppa emailed Plaintiffs' counsel and announced that the Debtor would be filing a suggestion of bankruptcy (which indicates that a petition had been filed) and attached what appeared to be an electronically filed copy of a bankruptcy petition. *See* Exhibit B to the Stay Motion. No such bankruptcy petition, however, had been filed at that time.

26. Subsequently, at the calendar call on Friday, March 22, 2013, after the State Court announced that it was not inclined to allow the substitution of attorney and would proceed with trial as scheduled, Mr. Dieppa notified the Court that the Debtor was "in the process" of filing

---

[2] The Fraud Suit Defendants' co-counsel Stephen Cameron, Esq. had a motion to withdraw pending for two months, but had not set the motion for hearing.

6

for bankruptcy protection. Dieppa also advised the State Court that the bankruptcy filing would be delayed because the Debtor was allegedly three (3) hours away from the Bankruptcy Court and would need to drive to same to meet his lawyer.

27. In response, Plaintiffs' counsel insisted on moving forward with the trial, provided that in the event of a bankruptcy filing by the Debtor prior to trial, the Plaintiffs would agree to stay the Fraud Suit pending Bankruptcy Court's ruling on a forthcoming motion to terminate the automatic stay so as to avoid duplication of the trial.

**The Filing of the Bankruptcy Case**

28. When the Debtor filed the Petition, he only filed a skeletal petition. Despite the representations made to the State Court about being "in process" of filing for bankruptcy protection, the Debtor had not engaged or even met with counsel prior to filing the Bankruptcy Case.

29. On March 29, 2013, counsel for the Debtor entered an appearance and filed a Motion to Extend Time to File Schedules, noting that "[c]ounsel states that he first spoke to the Debtor and was retained to represent him on March 29, 2013[3]" [Doc. No. 13].

30. On April 7, 2013, the Debtor filed several pleadings, documents 14-21, which contained versions of the Debtor's bankruptcy schedules (the "Schedules"), Statement of Financial Affairs (the "SOFA"), and Statement of Current Monthly Disposable Income (the "Income Statement").

31. The Schedules did not list the Plaintiffs as creditors. Instead, the Schedules listed Plaintiffs' primary counsel as a creditor and characterized the debt as unliquidated and unknown.

---

[3] Counsel also notes that he "anticipates a significant recovery" on behalf of Plaintiffs in the Debtor's Chapter 13 case.

7

Moreover, although the Debtor disclosed the Fraud Suit, the suit was mischaracterized as solely a breach of contract suit.

### CAUSES OF ACTION

**A.    Exception to Discharge – 11 U.S.C § 523(a)(2)(A)**

1. Plaintiffs incorporate the foregoing paragraphs by reference.

2. In the course of Debtor's actions enumerated above, on information and belief, the Debtor defrauded Plaintiffs and obtained property in the form of business opportunities and confidential business information from the Plaintiffs.

3. In the court of Debtor's actions enumerated above, on information and belief, the Debtor further defrauded the Plaintiffs and deprived them of their property by disclosing confidential business information to Plaintiffs' competitors.

4. Thus, Plaintiffs plead that any judgment against the Debtor obtained in the State Court is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**B.    Exception to Discharge – 11 U.S.C. § 523(a)(4)**

1. Plaintiffs incorporate the foregoing paragraphs by reference.

2. As a real estate consultant of the Plaintiffs and as a party to the Consulting Agreement, the Debtor agreed to maintain strict confidentiality of all confidential or proprietary information of the Plaintiffs and not to share such information with other parties, including, but not limited to, the Plaintiffs' competitors or potential competitors.

3. As a real estate consultant of the Plaintiffs, the Debtor owed a fiduciary duty to the Plaintiffs.

4. The Debtor breached his fiduciary duty to Plaintiffs when he disclosed

confidential business information to Freeman and Acquire to allow them to compete against the Plaintiffs and withheld business opportunities from the Plaintiffs.

5. Thus, Plaintiffs plead that any judgment against the Debtor obtained in the State Court is non-dischargeable under 11 U.S.C. § 523(a)(4).

C. **Exception to Discharge – 11 U.S.C. § 523(a)(6)**

1. Plaintiffs incorporate the foregoing paragraphs by reference.

2. Through Debtor's actions, he intentionally breached his promises and covenants to Plaintiffs, knowing that this breach would cause substantial injury to the Plaintiffs and their property. Such injury was committed willfully and maliciously by the Debtor.

3. Therefore, Plaintiffs plead that any judgment against the Debtor obtained in the State Court is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to amend this Complaint and/or bring all other claims or causes of action that Plaintiffs might have against the Debtor on any and all grounds, as allowed under the law or in equity.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that the Bankruptcy Court enter an order finding that any judgment obtained against the Debtor in the State Court is nondischargeable under the Bankruptcy Code; granting Plaintiffs a non-dischargeable judgment in their favor, including pre- and post-judgment interest; and granting such other and further relief to which Plaintiffs may be justly entitled.

**DATED:** July 15, 2013.

Respectfully submitted,

**BINGHAM GREENEBAUM DOLL LLP**

By: /s/ *C.R. Bowles, Jr.*
C.R. Bowles, Jr.
Ivana B. Shallcross
Natalie D. Montell
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3746
Facsimile: (502) 540-2274
E-mail: cbowles@bgdlegal.com
         ishallcross@bgdlegal.com
         nmontell@bgdlegal.com

**COUNSEL FOR INVESTORS MANAGEMENT GROUP, INC. and NATIONAL MULTIFAMILY INVESTORS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2012, a true and correct copy of the foregoing was served electronically on all parties subscribing to the Case Management Electronic Filing System of the Bankruptcy Court for this case and to the following party via U.S. First Class Mail:

William Patrick Porter
4013 Beaumont Drive
Dover, Kentucky 41034

/s/ *C.R. Bowles, Jr.*
C.R. Bowles, Jr.

14727415_1.docx