UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

WILLIAM PATRICK PORTER                                    CASE NO. 13-20527

DEBTOR

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Investors Management Group, Inc.'s ("IMG") and National Multifamily Investors LLC ("NMI") (collectively, the "Creditors") Motion for Relief from Automatic Stay ("Stay Relief Motion") [Doc. 31] seeking authority to continue litigation in a Florida state court against the Debtor, to which the Debtor objected. A hearing was held on July 16, 2013, following which, the Court took the matter under submission. For the reasons set forth below, the Court shall GRANT the Stay Relief Motion.

**Factual/Procedural Background**

The Creditors seek stay relief in order to proceed with a state court action pending in Miami-Dade County, Florida (herein the "Fraud Action"). The Creditors generally allege that the Debtor breached his fiduciary duties as a real estate consultant and defrauded them by disclosing confidential information to competitors, and by withholding business opportunities from them. There are also two non-debtor Defendants in the state court action: Gregory Freeman and Acquire International Realty LLC who worked as real estate brokers for the Creditors.

IMG asserted the following state causes of action in the lawsuit against the Debtor: Breach of Contract (Count II), Breach of Oral Contract (Count III), Breach of Fiduciary Duty (Count V), Intentional Interference (Count VII), Conversion (Count VIII), Fraudulent Inducement (Count X), Aiding and Abetting Broker Defendants' Breaches of Fiduciary Duty (Count XII), Violation of Florida's Deceptive & Unfair Trade Practices Act (Count XIII), and Unjust

Enrichment (Count XIV).

NMI asserted the following causes of action in the lawsuit against the Debtor: Breach of Contract (Count I), Breach of Fiduciary Duty (Count IV), Conversion (Count VIII), Fraudulent Inducement (Count IX), and Violation of Florida's Deceptive & Unfair Trade Practices Act (Count XIII).

The Creditors allege that they suffered damages in excess of $10 million and recite a procedural history of the state Fraud Action that is not disputed by the Debtor:

1. The Fraud Action was filed over two years ago in 2011.

2. A jury trial was originally scheduled for a three week trial period beginning September 10, 2012.

3. On August 17, 2012, the Defendants sought a continuance of the trial and requested the discovery cut-off date be extended. The state court denied extension of the discovery cut-off date, but continued the trial to January 2013.

4. Defendants sought a stay of the Fraud Action pending the outcome of an appeal of an Order striking a Counterclaim by Defendant Freeman. That appeal has now been abandoned.

5. Defendants also sought a stay of the Fraud Action pending an appeal of an Order denying Defendants' Motion for Summary Judgment. The request was denied on November 26, 2012.

6. On December 1, 2012, the State Court, *sua sponte*, rescheduled the trial to the three week period beginning March 25, 2013.

7. On February 21, 2013, Defendants filed a Motion for Continuance, which was denied on March 7, 2013.

8. On March 8, 2013, Defendants' Counsel, Eddie Dieppa, Esq., filed a Motion to Withdraw as counsel for Defendants Mr. Freeman and Acquire International Realty LLC, but not the Debtor, which was denied.

9. On March 21, 2013, Mr. Dieppa emailed Plaintiffs' counsel announcing that the Debtor would be filing a suggestion of bankruptcy.

10. On March 25, 2013, Mr. Dieppa notified the State Court that the Debtor was in the process of filing for bankruptcy.

In fact, the Debtor filed a skeletal Chapter 13 petition *pro se*, on March 22, 2013. He

2

subsequently retained Kentucky bankruptcy counsel to represent him [Doc. 13].[1]

The Creditors argue that cause exists to modify the stay to authorize the continuation of the Fraud Action because the Debtor filed bankruptcy on a Friday, March 22, 2013, when a trial was to begin the following Monday, March 25, 2013.  This, they assert, indicates that the bankruptcy filing is solely a bad faith attempt to postpone the Fraud Action trial.  In addition, the Creditors assert that balancing certain factors relating to the litigation also support stay modification.

The Debtor responds in opposition [Docs. 34, 35] that he filed bankruptcy due to reduced income, unpaid tax obligations, mounting legal bills, and an extensive work travel schedule.  Debtor argues that the bankruptcy filing was not a bad faith filing; however, he admits that he filed bankruptcy in part "as a result of claims presented against him by [Creditors] in an out of state jurisdiction" including the costs of defending the lawsuit.  Thus, the Debtor concedes that the bankruptcy filing was, in part, an attempt to postpone the trial.  Debtor further argues that litigating the state court action would be more expensive than litigation in bankruptcy and that the Creditors can file an adversary proceeding in the bankruptcy case to assert their interests.

The Creditors have indeed filed an adversary proceeding against the Debtor,  Adversary No. 13-2026, alleging that the claims asserted in the Fraud Action should be excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2), (4) and/or (6).

**Analysis**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  Venue is proper pursuant to 28 U.S.C. § 1409.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition

---

[1] Notwithstanding the retention of bankruptcy counsel, a regular practitioner in this court, Debtor's opposition to the requested relief appears to have been prepared by Mr. Dieppa, the Florida counsel who has sought to withdraw from the Fraud Suit.  See stationary used in Docs. 34 and 35.

3

operates as a stay of the continuance of a judicial action against the debtor. 11 U.S.C. § 362(a)(1). Section 362(d)(1) permits the Court to terminate, annul, modify, or condition the stay on request of a party in interest for "cause." 11 U.S.C. § 362(d)(1). The party requesting stay relief has the initial burden of proof to make a *prima facie* showing that there is a factual and legal right to the relief sought. Once the moving party makes this showing, the burden of going forward and the ultimate burden of persuasion shift to the party opposing the relief. 3 COLLIER ON BANKRUPTCY ¶ 362.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).

In the context of a request to continue a non-bankruptcy judicial action, courts have identified a variety of factors to be balanced to determine "cause": (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of the defense or other potential burden to the bankruptcy estate; and (6) the impact of the litigation on other creditors. In re United Imports, Inc., 203 B.R. 162, 166-167 (Bankr. D. Neb. 1996). The Court in United Imports, denied stay relief despite that both judicial economy and the creditor's chance of success on the merits favored stay relief finding that: (1) the case was not ready for trial; (2) there were two unresolved threshold bankruptcy issues—a pending adversary proceeding involving the creditor and the effect of the creditor's failure to file a proof of claim; and (3) the relief sought in the state court litigation, a constructive trust for the debtor's assets, would be highly prejudicial to the estate. Based on those findings, the court held that cause did not exist to modify the stay. The Sixth Circuit has utilized the United Imports factors to determine whether "cause" exists to permit litigation in a non-bankruptcy forum to proceed. See In re Garzoni, 35 Fed. Appx. 179 (6th Cir. 2002) (unpublished).

Here, the balancing of the applicable factors weighs in favor of granting stay relief. The state court is ready for trial, this Court is not. Judicial economy and trial readiness favor stay relief — the Fraud Action was to proceed to trial the next business day after the bankruptcy filing. There are third party defendants, not currently subject to this Court's jurisdiction, who

allegedly were involved in connection with the transaction which is the subject of the litigation; thus, judicial economy is not served by the potential duplication of the litigation in both forums. There are no preliminary bankruptcy issues to be determined and the potential cost of the defense, given the trial readiness of the state court, clearly favors the state court forum.  In fact, significant prejudice could result to other creditors of the estate if litigation begins anew in this forum.  The outcome of the litigation could significantly affect the Debtor's plan.  Currently, the range of the amount of the Creditors' alleged unsecured claims herein is substantial, $0 to $10 million.  The Court attributes little weight to the "success on the merits" factor because, unlike the temporary restraining order entered in favor of the creditor in the United Imports case, this record contains no evidence of preliminarily substantive rulings in favor of either party.  Finally, the state court, while not a "specialized tribunal" clearly has more expertise than this Court in interpreting Florida law.

The Debtor cites to In re New York Medical Group, P.C., 265 B.R. 408 (Bankr. S.D.N.Y. 2001) and the case law and factors discussed therein; however, he fails to identify how these factors differ from the United Imports factors or how they favor retention of the stay.

The Debtor further argues that the analysis and weighing of factors in In re Plumberex Specialty Products, Inc., 311 B.R. 551 (Bankr. C.D. Cal. 2004), apply herein to retain the stay. However, in Plumberex the creditor sought permission to commence a new contempt action against the debtor.  Here, as stated previously, the Fraud Action has been pending since 2011 and was to be tried the next business day after the bankruptcy filing.  Resolving the state law issues (1) will determine if there are claims and any amount thereof; and (2) may impact this Court's dischargeability determination.  While the Debtor proffers financial reasons (in addition to the postponement of the Fraud Action) as the basis for his bankruptcy filing, he fails to provide how he will address the Creditors' (albeit disputed) claims in this proceeding.  Debtor fails to list the Creditors in his schedules [Doc. 14] and fails to address either the lawsuit or the disputed claims in his proposed plan [Doc. 22 & 28].  The disputed claims need adjudication.

Due to the nature and procedural posture of the Fraud Action, the Court finds that the non-bankruptcy forum factors favor stay relief and the Creditors have met their burden of proof.

Because the Court finds that the Creditors have shown cause for obtaining stay relief based on the factors reviewed above, the Court need not determine the issue of the Debtor's alleged bad faith at this juncture in the case.

IT IS HEREBY ORDERED that the Creditors' Stay Relief Motion [Doc. 31] is GRANTED for the limited purpose of authorizing the continuation of the Fraud Action and the adjudication of the claims asserted therein. No appeal from any such adjudication or enforcement or collection of any judgment entered therein may be taken pending further orders of this Court.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, August 02, 2013
(tnw)**