**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

WILLIAM PATRICK PORTER                                    CASE NO. 13-20527

DEBTOR(S)

**TRUSTEE'S MOTION TO MODIFY CONFIRMED PLAN**

Comes Beverly M. Burden, Chapter 13 Trustee, and files this motion to modify a confirmed plan pursuant to 11 U.S.C. § 1329 in order to adequately fund the payment of a postpetition claim filed and allowed pursuant to 11 U.S.C. § 1305. The United States Treasure has filed claim #16-1 in the amount of $23,917.39 for 2013 & 2014 taxes. The claim is allowed as a priority claim and will be paid in full.

The trustee requests the plan be modified as follows:

(1) The debtor shall pay to the trustee an ADDITIONAL amount of $$807.21 per month effective with the August, 2015 payment and continuing through plan completion. Any tax refunds, bonuses, sales proceeds, or other lump sum payments due hereafter per the previously confirmed plan shall remain due and owing in addition to monthly plan payments.

(2) The total sum of plan payments to be paid to the Trustee under the plan as modified shall be $87,330.78, plus any tax refunds, bonuses, sales proceeds, or other lump sum payments due hereafter per the previously confirmed plan.

(3) All other provisions of the debtor's previously confirmed plan shall remain in full force and effect.

The trustee further requests an order pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure that notice of this motion to all creditors is not required as they are not affected by the proposed modification.

In support of this motion, the trustee states as follows: Payment of the allowed postpetition claim will *de facto* decrease the distribution to unsecured creditors being paid in accordance with the confirmed plan. The postpetition debt was or reasonably should have been taken into account when the debtor's plan payment was calculated at the time of confirmation; thus, the distribution to unsecured creditors should not again be diluted by the postpetition claim. Consequently, the trustee seeks to modify the plan pursuant to 11 U.S.C. § 1329(a)(1) to increase the amount of payments on allowed claims of prepetition unsecured creditors to ensure they receive the same distribution they would have received prior to the allowance of the postpetition claim. An increase in the amount of the debtor's plan payments is therefore needed.

WHEREFORE, the trustee respectfully requests entry of an order in conformity with the relief requested herein.

Respectfully submitted -

/s/ Beverly M. Burden
Beverly M. Burden
BAR# 09330
Chapter 13 Trustee
P.O. Box 2204
Lexington KY  40588
(859) 233-1527
NOTICES@CH13EDKY.COM

NOTICE OF HEARING
If no objections are filed within 21 days, the attached order may be entered without further notice or hearing.  Any party filing an objection must notice the objection for hearing consistent with KYEB-LBR 9014-1.

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing has been served on the parties below by mail or electronically via ECF on July 2, 2015.

                                                /s/ Beverly M. Burden
                                                Beverly M. Burden
                                                BAR# 09330
                                                Chapter 13 Trustee
                                                P.O. Box 2204
                                                Lexington KY  40588
                                                (859) 233-1527
                                                NOTICES@CH13EDKY.COM

William Porter
4013 Beaumont Drive
Dover, KY 41034-9012

Richard Sadoff, served electronically